UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on July 22, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
LISA TAYLOR

Case Number:  ___25-17166_____

Hearing Date:  ___7/22/2026_____

Judge:  __Eamonn J. O'Hagan__

Chapter:  13

| Recommended Local Form: Followed | X ☐Modified |
|---|---|

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 22, 2026**

_____
Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

Debtor(s)          Lisa Taylor
Case No.           25-17166/EOJ
Caption:           Order Granting Authorization to Transfer Property

At Trenton in the said District

Upon the Debtor's motion for authorization to sell the real property commonly known as 390 Wheatley Ave, Beverly, New Jersey (The Real Property)

 IT IS hereby ORDERED as follows:

1. The order authorizing sale of the above property entered on April 29, 2026 and bearing docket number 50 is null and void due to the cancellation of the contract.

2. The debtor is authorized to sell the Real Property upon the terms and conditions of the contract of sale pursuant to 11 U.S.C. Sections 363(b) and 1303.

3. The proceeds of sale must be utilized to satisfy the liens on the Real Property unless the liens are otherwise avoided by Court order.  Until such satisfaction, the property is not free and clear of liens.

4. a)      _X___ Pursuant to LBR 6004-1(b) the Notice of Private Sale included a request to pay the real estate broker and debtor's real estate attorney at closing, therefore, these professionals may be paid at closing.          **OR**

   b)      _____ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys upon further order of this Court.

5. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

6. To the extent of proceeds, the amount of $31575.00 is claimed as exempt may paid be to the Debtor without further order of this court.

7. A verified payoff will be requested from the trustee prior to closing.  To the extent of proceeds, the trustee shall receive the remainder of the funds only up to the verified payoff.  These funds shall be paid to the Chapter 13 Standing Trustee in the Debtor's case.  The check shall contain the debtors case number and sent to Albert Russo, PO Box 933, Memphis, TN 38101-0933.

8. All remaining funds shall be given to the debtor without further order of this Court.

9. A copy of the HUD settlement statement shall be forwarded to the Chapter 13 trustee 20 days after closing

10. The debtor shall file a modified chapter 13 plan within 20 days of the date of closing **n/a**

11. In the event of a short sale, this order does not impair the rights of the lender and the property may be sold only in accordance to any short sale agreements between the debtors and the lien holder. **n/a**

12. Closing shall occur within 60 days of this order or the order is null and void unless extended by mutual consent with the creditor and the Trustee.

13. Other provisions:       Fed. R. Bank. P. 6004(h), which provides for a fourteen (14) day stay of this order is not applicable.